decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant University of Akron has appealed from a decision of the Summit County Common Pleas Court that determined that Appellee Calvin E. Moore may participate as to some, but not all, of the conditions for which he submitted a workers' compensation claim. This Court affirms.
 I.
Appellee Calvin E. Moore (Moore) was employed by Appellant University of Akron (University) in the maintenance department. On September 9, 1997, Moore injured his lower back and left leg while at work. He was thereafter diagnosed with injuries to the lumbar spine, sacroiliac joints, and sciatica. Approximately one week after his workplace injury, Moore filed a report of injury with the Bureau of Workers' Compensation (Bureau). The Bureau denied Moore's application, and subsequent administrative appeals likewise resulted in denials of his claim.
Moore then brought an appeal in the Summit County Common Pleas Court. Prior to trial, the University moved to exclude any references to the opinion of one Dr. Corn, who had examined Moore on behalf of the University during 1998 but was not going to be called as a witness at trial. The trial court denied the University's motion in limine, as well as its renewed objections during the trial. During cross-examination of the University's expert medical examiner, Dr. Trangle, and direct examination of Moore's own expert, Dr. Morris, Moore's counsel articulated some of the conclusions reached in Dr. Corn's report and questioned these witnesses as to whether they agreed or disagreed with Dr. Corn's conclusions. Neither party called Dr. Corn as a witness at trial.
At the conclusion of the trial, the jury found that Moore could participate in the Workers' Compensation fund for the conditions of sacroiliac and lumbar strains, but not for the condition of sciatica. The University timely appealed, asserting one assignment of error.
 II. Assignment of Error
The trial court made (sic) prejudicial error by permitting references toDr. Corn's opinion without his testimony.
In its sole assignment of error, the University has argued that Moore's reference to Dr. Corn's opinions and conclusions constitutes reversible error. Specifically, the University has maintained that because Dr. Corn was not called to testify at trial, the contents of his report are inadmissible hearsay. Moore has responded that even if Dr. Corn's opinions were inadmissible hearsay, no substantial right of the University was affected by references thereto at trial. In short, Moore has framed the issue as harmless error.
Error in admission of evidence is not grounds for reversal, unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. Civ.R. 61; R.C. 2309.59; O'Brienv. Angley (1980), 63 Ohio St.2d 159, 164. In determining whether a substantial right of a party has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision, had the error not occurred. Hallworth v.
 Republic Steel Corp. (1950), 153 Ohio St. 349, paragraph three of the syllabus. Thus, this Court will not reverse the trial court's ruling unless any error appears inconsistent with substantial justice or affects a substantial right of the University.
In this case, numerous expert and lay witnesses testified as to the causal relationship between Moore's workplace injury and the conditions of sacroiliac strain and lumbar strain. Dr. Bodnar, who examined Moore two days after his workplace injury and diagnosed him with lumbosacral sprain and strain, sacroiliac sprain and strain, and sciatica, offered her opinion at trial that these conditions were directly caused by Moore's work activity of September 9, 1997. Dr. Morris also testified by videotape that there was a direct causal relationship between Moore's work activities on September 9 and his diagnosis of Moore's sprain of the lumbar spine, left sacroiliac joint sprain, and sciatica. James Carstarfen, a co-worker of Moore, testified that he observed Moore in discomfort while performing his work the day after the injury, and that on September 10 Moore left work early. Finally, both Moore and his wife testified that Moore's injuries originated while he was at work on September 9, 1997.
In the end, enough evidence was introduced at trial to support the jury's finding that Moore may participate in the Workers' Compensation fund for the conditions of sacroiliac strain and lumbar strain. As such, this Court cannot say that the jury would have reached a different conclusion had Moore's counsel not referred to the contents of Dr. Corn's report. Further, no substantial right of the University was affected by those references, and justice has been done in this case. The University's argument is not well taken.
 III.
The University's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J. CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY.